IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 5–103–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM BLUEHER | |
| Defendant. | |

Before the Court is Defendant William Blueher's Unopposed Motion for Early Termination of Supervision. (Doc. 33.) The United States does not oppose. (*Id.* at 2.) United States Probation Officer John Ross does not oppose. (*Id.*) For the reasons below, the Court grants the Motion.

**Background**

On December 20, 2005, Defendant was sentenced for interstate transportation of a minor, in violation of 18 U.S.C. § 2423(a) and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (Doc. 11.) United States District Court Judge Richard F. Cebull of this Court sentenced Defendant to 188 months imprisonment, followed by seven years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervised release on July 19, 2019. (Doc. 34 at 2.)

1

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that the § 3553(a) factors support early termination because Defendant "has completely changed his life and his priorities since the instant offense." (Doc. 34 at 4.) While serving his custodial term, Defendant completed the residential sex offender program, the 40 hour non-residential drug and alcohol program, anger management, and obtained his GED. (*Id.*) Since his release, Defendant has engaged in aftercare programming including voluntary

2

polygraph testing every six months. (*Id.*) Defendant operates his own business providing lawn and maintenance work. (*Id.*) Defendant has remained compliant with the terms of supervised release. (*Id.* at 5.)

Based on Defendant's completion of the residential sex offender program, his compliance with the terms of supervision, his commitment to sobriety, and his consistent employment, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 34) is GRANTED. William Blueher's term of supervised release is TERMINATED as of the date of this Order.

DATED this 11th day of April, 2025.

_____
Dana L. Christensen, District Judge
United States District Court